UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States, *ex rel.* Tonya L. Randleman,　　　　　Case No. 3:25-cv-959

　　　　　Plaintiff,

　　v.　　　　　　　　　　　　　　　　　　MEMORANDUM OPINION
　　　　　　　　　　　　　　　　　　　　　　　AND ORDER
Habitat for Humanity International, *et al.*,

　　　　　Defendants.

## I.　　INTRODUCTION

*Pro se* Plaintiff Tonya L. Randleman filed this action which she titled as a Qui Tam action

under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729, 3730.  (Doc. No. 1).  But this case is not an

actual qui tam action.  Instead, it is another attempt by Plaintiff to challenge a 2016 state court

foreclosure action in which the state court already issued a judgment against her, sold the house at

sheriff's sale, ordered Plaintiff to vacate the house, held her in contempt for refusing to vacate the

house, sentenced her to jail time, and forcibly evicted her.

She has now filed this action in federal court, naming as Defendants the mortgage lender,

the law firms that represented the lender in the foreclosure, the common pleas court judge that

presided over her foreclosure case, an Erie County probate court judge with a similar surname to an

attorney representing the lender, the purchaser of the home at sheriff's sale, the law firm that

represented the purchaser, and the Erie County Sheriff who carried out the sheriff's sale and the

eviction.  She attempts to steer the foreclosure into a qui tam action under the FCA by pointing out

that Habitat for Humanity (the lender) partners with federally funded affordable housing programs

to enable them to offer low-principle, interest-free mortgages to qualified buyers of Habitat for Humanity homes. She states, without any explanation, that the Defendants acted fraudulently in the foreclosure action and, therefore, she can bring this action under the False Claims Act. She does not indicate the relief she seeks. For the reasons stated below, I dismiss this case.

## II.  BACKGROUND

Habitat for Humanity is a nonprofit organization that helps qualified individuals build, improve, and purchase houses at affordable prices and manageable mortgage rates.[1] They sell fully rehabilitated or newly constructed homes to qualified buyers at the cost of construction, making no profit on the sale. They also act as the mortgage lender, offering affordable monthly payments and zero percent mortgage interest rates. The monthly housing payment is no more than 30% of the buyer's monthly income. To qualify for a Habitat for Humanity home, the potential buyers must need improved housing due to structural or mechanical problems, unsanitary conditions, overcrowding, temporary housing, change in physical needs, or excessive housing expenses at their current location. They also must meet certain qualifying conditions, such as a stable income and satisfactory credit and bank history, and they must agree to contribute labor toward a Habitat for Humanity's construction project.

Plaintiff purchased a Habitat for Humanity home in Sandusky, Ohio from Firelands Habitat for Humanity on June 1, 2006. (Doc. No. 1 at 4). Plaintiff suggests that Habitat for Humanity is able to provide the funds to her and to others like her because it receives funds from federal affordable housing programs.

Seven years later, in 2013, Plaintiff filed a Chapter 7 bankruptcy. *See In Re: Tonya Lee Randleman*, No. 13-31206 (Bankr. N.D. Ohio). All of Plaintiff's current debts were discharged, including the balance she owed Habitat for Humanity; however, the discharge order indicated that

---

[1] *See* https://www.clevelandhabitat.org.

"a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case." *Id.* (Doc. No. 11 at 2). Plaintiff's mortgage lien on the property was not eliminated and remained a security interest.

After Plaintiff failed to make a payment, Firelands Habitat for Humanity, through its attorney Daniel McGookey, filed a foreclosure action against her in the Erie County Court of Common Pleas on September 10, 2015. *See Firelands Habitat for Humanity, Inc. v. Randleman*, No. 3:24-cv-0760 (N.D. Ohio Apr. 30, 2024). Judge Tygh M. Tone entered a decree of foreclosure in favor of Firelands Habitat for Humanity on April 5, 2016. *Id.*

The court issued an Order of Sale, and the property was scheduled for sale at sheriff's auction on September 13, 2016. *See Firelands Habitat for Humanity, Inc. v. Tonya L. Randleman, et al.*, Case No. 24-cv-760 (Doc. No. 4 at 1). On September 2, 2016, just eleven days before the scheduled sale, Plaintiff filed for Chapter 13 bankruptcy, which stayed the sale. *Id.* The stay was lifted on April 18, 2022, and the property was once again scheduled for sheriff's sale on October 11, 2022. *Id.* On October 10, 2022, the day before the rescheduled sale, Plaintiff filed a Chapter 7 bankruptcy, which again stayed the sale. *Id.* That stay was lifted on February 26, 2024. The property was set for sheriff's sale on May 14, 2024.

On April 29, 2024, Plaintiff removed the foreclosure case to this federal court to stay the sheriff's sale. *See id,* (Doc. No. 1). The following day, I remanded the case to state court, concluding the case was not removable to federal court. *Id.* (Doc. No. 4).

Plaintiff subsequently filed this action, purporting to be a qui tam complaint filed on behalf of the United States against Habitat for Humanity International, Firelands Habitat for Humanity, Judge Tygh Tone, the law firm of Tone, Grubbe, McGory, & Vermeeren, Erie County Sheriff Paul Sigsworth, YCH2, LLC, the law firm of Smith & Sidoti (which represented Firelands Habitat for

Humanity following the foreclosure judgment), and Erie County Probate Court Judge Beverly K. McGookey, who shares a surname with Daniel McGookey, the attorney who filed the foreclosure action.  Plaintiff claims that Habitat for Humanity is able to offer low principal, no interest loans because it receives support from federal affordable housing programs.  She concludes without explanation that the foreclosure of her mortgages for non-payment violated the False Claims Act, 31 U.S.C. § 3729.  She does not indicate the relief she seeks on behalf of the United States or herself.

## II.      STANDARD

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), I am required to dismiss an *in forma pauperis* action pursuant to 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989).  A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless.  *Id.* at 327.  A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain "a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The factual allegations in the pleading must be sufficient to raise the "right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555.  The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*  In reviewing a complaint, I must construe the pleading in

4

the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III.    ANALYSIS

The qui tam action permits a private party to bring an action in the name of the United States for redress of an injury to the government, and it is the government's injury that confers standing upon the private person, as a partial assignee of the United States's claims against a defendant. *Vt. Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 773-74 (2000). The False Claims Act is the most commonly invoked qui tam statute. *Stalley v. Methodist Healthcare*, 517 F.3d 911, 916-18 (6th Cir. 2008).

Plaintiff cites to §§ 3729(a)(1)(A), (B), and (C), which place liability on "any person who: (A) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval; (B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim; and (C) conspires to commit a violation of subparagraph (A), [or] (B) . . . ." 31 U.S.C. § 2729(a)(1). While Plaintiff asserts Habitat for Humanity received federal funds through affordable housing programs, she does not allege any facts to plausibly suggest how their application for those funds was fraudulent in any way. (Doc. No. 1 at 4-6). Indeed, she states that Habitat for Humanity used those funds, in part, to extend a low principal, zero interest mortgage loan to her, which is the alleged purpose of the affordable housing programs.

Moreover, Plaintiff does not allege the other Defendants applied for federal funds, or that they received federal funds in the matters raised in the complaint. (*See id.*). Thus, they cannot be held liable under the FCA. And while Plaintiff asserts the foreclosure action was an attempt to defraud the federal government, she offers no facts to support that legal conclusion. (*See id.*).

Plaintiff does not raise claims for an injury to the United States as a result of a fraudulent application for federal funds by any of the Defendants. Instead, she attacks the state court

foreclosure and all of the participants in that action. The United States is not the real party in interest in this litigation, Plaintiff is. Therefore, Plaintiff's claims under the False Claims Act lack any plausible basis in law or fact and must be dismissed.

Finally, Plaintiff filed an Application to Proceed *In Forma Pauperis*. (Doc. No. 2). That Application is granted.

### IV.    CONCLUSION

For the reasons stated above, this action is dismissed pursuant to 28 U.S.C. § 1915(e). Further, I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

Because this case was labeled as a qui tam action, it was filed under seal. As I have determined that it was not a true qui tam action, the Clerk's Office shall unseal the case and make it accessible on the public docket. Plaintiff's Application to Proceed *In Forma Pauperis* is granted. (Doc. No. 2). This case is closed.


So Ordered.


s/ Jeffrey J. Helmick
United States District Judge

6